**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DEEL SZEKLINKSI,**

          **Plaintiff,**

    v.                                                                        **Case No. 04-1040**

**CITY OF OAK CREEK, POLICE CHIEF**
**THOMAS BAUER, CITY ATTORNEY LARRY HASKIN,**
**CITY ATTORNEY BARRY BROOK, POLICE OFFICER**
**DEAN KLEINHANS, JUDGE ALICE RUDEBUSCH,**
**JANE DOES I-IV, and JOHN DOE,**

          **Defendants.**

---

## DECISION AND ORDER

---

On October 24, 2004, the plaintiff Deel Szeklinski ("Szeklinksi") filed his complaint in this Court alleging a violation of his civil rights based on the issuance of a disorderly conduct municipal citation against him and proceedings in municipal court related to the same. Various motions are presently before the Court for adjudication.

I.    Motion to Compel

On March 9, 2005, Szeklinksi filed a motion to compel and for sanctions. In that motion, Szeklinski asks the Court to compel the Defendants to reveal, in their initial disclosures, the names of their spouses. Szeklinski's complaint illuminates why he believes this information is necessary:

> Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrence herein alleged, and share under Wisconsin State Marital property [sic] Law equal liability for Plaintiff's damages as herein alleged and were caused by their spouse's [sic] illegal conduct.

(Compl. 6, ¶ 7.) Szeklinski has submitted information, in accord with the meet-and-confer requirements of this Court's Local Rules and the Federal Rules of Civil Procedure, showing his attempts to obtain these disclosures from his adversaries. *See* Fed. R. Civ. P. 37(a)(2)(A); United States District Court for the Eastern District of Wisconsin, Local Rules, Civ. L.R. 37.1. Nevertheless, Szeklinski's efforts are misguided.

A party chooses those individuals that it wishes to list in its initial disclosures. *See* Fed. R. Civ. P. 26. One party cannot compel another party to make a particular person a subject of initial disclosure. Thus, the Defendants are under no obligation to list their spouses in Rule 26 initial disclosures if the Defendants do not think that their spouses possess discoverable information that they may use to defend against Szeklinksi's claims. It does not matter whether Szeklinski thinks certain individuals should be listed. Now, if a party refuses to make initial disclosures altogether or does not otherwise meet the requirements of Rule 26(a), relief may be sought from the Court. Szeklinski makes no such arguments, however.

II.     Motion to Dismiss and/or for Judgment on the Pleadings

On March 17, 2005, the Defendants filed a motion to dismiss and/or for judgment on the pleadings. A motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether a complaint states a claim upon which relief may be granted. *Gen. Elec.*

2

*Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). A complaint or claim will only be dismissed for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). When considering a motion to dismiss, the Court will accept the plaintiff's allegations as true and construe the complaint in the light most favorable to the non-movant. *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The Defendants' motion invokes not only Rule 12(b)(6), but Rule 12(c) as well. A motion pursuant to Rule 12(c) seeks entry of judgment on the pleadings. Under Rule 7(a), the pleadings include, at a minimum, the complaint and answer. Fed. R. Civ. P. 7; *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). There are two possible standards of adjudication under Rule 12(c). Under its "customary application," a 12(c) motion attempts to dispose of a case based on its underlying substantive merits. *See Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). In such a situation, the Court will apply the same standard operative in summary judgment, "except that the court may consider only the contents of the pleadings." *Id.*; *see also Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). By contrast, the Seventh Circuit, in *United States v. Wood*, held that a 12(c) motion was subject to the same standard as a 12(b)(6) motion to dismiss. 925 F.2d 1580, 1581 (7th Cir. 1991). Applying that standard, the Court construes facts in favor of the non-movant and only grants the motion if the non-movant

could plead no facts supporting his claims for relief. *Id.*; *Brunt*, 284 F.3d at 718 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). A court will apply the 12(b) standard if the 12(c) motion raises Rule 12(b) defenses regarding procedural defects. *Alexander*, 994 F.2d at 336.

Though the Defendants bring their motion to dismiss under the auspices of both Rules 12(b)(6) and 12(c), they do not sustain any distinction between the two in the analysis portion of their brief. Nor do they state whether they wish the Court to adhere to a Rule 12(b)(6) analysis or one more akin to summary judgment. (*See* Br. in Supp. of Mot. to Dismiss and/or for J. on the Pleadings. ["Supp. Br."] 3.) That is, their arguments do not explicitly reference one rule or the other; in fact the arguments seem to vacillate from one standard to the other. For example, the Defendants argue that certain individuals are protected by immunity. Insofar as this is not a 12(b) procedural defense and speaks to the substance of Szeklinski's complaint, the Court would undertake a summary judgment-type analysis. On the other hand, when arguing that Szeklinski has failed to articulate constitutional violations, the Defendants' arguments seem to comport more closely with a Rule 12(b)-type analysis.

For purposes of the present decision, the Court has not considered facts or allegations outside of the pleadings and, therefore, will utilize a Rule 12(b)(6)-type analysis. Of the Defendants' arguments, only their claims of immunity suggest that they intended something more than a Rule 12(b)(6) analysis. However, because the Court cannot even identify

4

Szeklinski's alleged constitutional violations, the Court's immunity analysis does not proceed very far. The Court now turns to consider Szeklinski's complaint.

The Court recognizes that, insofar as Szeklinski is proceeding *pro se*, the Court should construe his complaint liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In his complaint, Szeklinski alleges that, on March 24, 2004, a City of Oak Creek police officer, Dean Kleinhans ("Kleinhans"), issued a "Wisconsin Uniform Municipal Court Citation" against Szeklinski for disorderly conduct. (Compl. 7, ¶ 1.) Not knowing why the citation issued, Szeklinski, on March 29, 2004, went to a police station in the City of Oak Creek to investigate further. (*Id.* at ¶ 5.) Szeklinski was arrested at the police station, but released on his own recognizance. (*Id.* at ¶ 6.)

On April 21, 2004, Szeklinski appeared in municipal court in the City of Oak Creek. (*Id.* at ¶ 7.) The sitting judge, Judge Alice Rudebusch, told Szeklinski to speak to the city attorney regarding his charge. (*Id.*) The assistant city attorney, Barry Brook, told Szeklinski: "You were disorderly, we don't have to tell you anything, we do what we what [sic] – and the judge goes along with what we say." (*Id.* at 8, ¶ 9.) When Szeklinski asked what evidence the city could present, the attorney replied: "We don't have any evidence"; "I told you, we do what we want here" – "we don't even have anything for you to discover" – "you know, all things can be fixed?" (*Id.*) Though requested, Szeklinksi was denied a jury trial. (*Id.* at ¶ 12.)

5

In their answer, the Defendants state that Szeklinski's disorderly conduct citation was issued on February 24, 2004, rather than March 24, 2004 (as the Complaint alleges).[1] (Answer 3, ¶ 8.) The Answer explains that the citation required Szeklinski to appear in municipal court on March 17, 2004. (*Id.* at 4, ¶ 13.) When Szeklinski failed to appear on that date, a warrant was issued. (*Id.* at ¶ 13.) According to the Defendants' answer, Szeklinksi, on March 29, 2004, went to the Oak Creek police station, signed a personal recognizance bond, and received a new court date. (*Id.* at ¶ 13.)

Szeklinski pleads various claims based on these allegations. He alleges violations of his rights under the Fifth, Sixth, and Fourteenth Amendments and seeks recovery under 42 U.S.C. § 1983, 42 U.S.C. § 1985(2), 42 U.S.C. § 1985(3), 42 U.S.C. § 1986, and 18 U.S.C. §§ 241, 242.[2] (Compl. 2.) He also seeks recovery under Wisconsin law for the torts of misconduct in public office, failure to act to prevent, malicious arrest, malicious prosecution, and malfeasance.

  A.  18 U.S.C. §§ 241, 242

Szeklinksi cannot bring claims under 18 U.S.C. §§ 241, 242. No private right of action inheres in these criminal provisions. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). If Szeklinksi believes that a crime has been committed, he may contact the

---

[1] In his response to the pending motion to dismiss, Szeklinski concedes that the Defendants have provided the correct date on which the citation was issued.

[2] In his response, Szeklinski states that he erroneously identified the Fifth Amendment in support of his claims. (Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss and/or for J. on the Pleadings ["Opp'n Br."] 3.)

6

United States Attorney directly. Contrary to Szeklinski's representations, it is not this Court's role to refer cases to the United States Attorney. (*See* Compl. 10.)

B.    42 U.S.C. § 1983

Szeklinski also brings claims pursuant to 42 U.S.C. § 1983. Section 1983 does not provide a source of substantive rights, but is a vehicle for vindicating federal rights elsewhere conferred. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must "allege that some person has deprived him of a federal right" and, secondly, "that the person who has deprived him of the right acted under color of state . . . law." *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Accordingly, the Court must first ascertain those federal rights of which Szeklinski claims he was deprived.

Reading Szeklinski's complaint liberally, the following actions are proffered in support of his claim of one or more constitutional violations: (1) the issuance of a municipal citation for no reason; (2) his subsequent arrest based on the outstanding warrant that issued when he failed to appear at a court hearing related to the municipal citation; (3) the failure of the police and the city attorney to provide information about the citation; (4) communications from the city attorney suggesting that there was no evidence supporting the issuance of the citation and that the municipal judge would "go along" with the city attorney; (5) the city attorney's comment that "all things can be fixed"; and (6) the failure of the municipal court to provide a trial by jury. Szeklinski's complaint also contains allegations of custom, policy and conspiracy related to the above conduct.

7

i. Fourteenth Amendment Violations

Szeklinski cannot claim a substantive right under the Fourteenth Amendment's Due Process Clause to be free from the issuance of a municipal citation without cause. Such a claim is not cognizable under substantive due process. *See Albright v. Oliver*, 510 U.S. 266 (1994). Furthermore, Wisconsin law provides causes of action for false arrest, false imprisonment and malicious prosecution. As such, Szeklinski's allegations cannot inform Fourteenth Amendment Due Process claims because the state, by offering these tort remedies, has satisfied the Fourteenth Amendment's Due Process requirements. *See Guenther v. Holmgreen*, 738 F.2d 879, 882 (7th Cir. 1984); *Strong v. City of Milwaukee*, 157 N.W.2d 619, 621-22 (Wis. 1968); *Gladfelter v. Doemel*, 87 N.W.2d 490, 497 (Wis. 1958).

ii. Sixth Amendment Violations

Szeklinski claims that he was denied the right to a jury trial, presumably in violation of the Sixth Amendment as applied through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149 (1968); *United States ex rel Wandick v. Chrans*, 869 F.2d 1084, 1087 (7th Cir. 1989). This claim is doomed; a municipal citation, and the proceedings related thereto, are civil in nature. *See Village of Bayside v. Bruner*, 148 N.W.2d 5, 7 (Wis. 1967). The Sixth Amendment right to a jury trial does not attach to civil proceedings. *Stroe v. Immigration and Naturalization Serv.*, 256 F.3d 498, 500 (7th Cir. 2001); *Barkauskas v. Lane*, 946 F.2d 1292, 1294 (7th Cir. 1991).

8

Szeklinski's complaint suggests that his Sixth Amendment claim has another facet. The Sixth Amendment states that an accused shall enjoy the right to be informed of the nature and the cause of the accusation against him. Szeklinski claims that no state actor would provide him with information regarding the nature of the charges against him. Even if these allegations are true, Szeklinski has failed to state a claim for relief under the Sixth Amendment, which extends only to criminal matters.

Because Szeklinski's complaint does not state a violation of any federal rights, he cannot maintain a cause of action pursuant to Section 1983.

C.   42 U.S.C. §§ 1985(2) & (3)

Section 1985(2) is subdivided into two parts. The first part concerns the administration of justice in the federal system, while the second part relates to conspiracies to obstruct the administration of justice in the state courts. The latter provision, implicated by Szeklinski's complaint, allows for damages

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the law.

42 U.S.C. § 1985(2).

The first clause of Section 1985(3) creates a cause of action for private conspiracies between two or more persons for the "purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."

9

42 U.S.C. § 1985(3). The second clause of 1985(3) creates a cause of action for a conspiracy "for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws." The other parts of Section 1985 are not implicated by Szeklinski's complaint.

Under Section 1985(3), Szeklinski must allege: "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of the alleged conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Majeske v. Fraternal Order of Police, Local Lodge No. 7*, 94 F.3d 307, 311 (7th Cir. 1996). Under both Section 1985(2) and Section 1985(3), plaintiffs must show some racial, or otherwise class-based, invidiously discriminatory animus behind the actors in the conspiracy. *Griffin v. Breckinridge*, 403 U.S. 88, 102-03 (1983); *Bowman v. City of Franklin*, 980 F.2d 1104, 1109 (7th Cir. 1992); *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985).

Szeklinski, in his response, simply states that the complaint speaks for itself, and thus, does not explain how he has stated a claim pursuant to either subsection of § 1985. However, the complaint contains no allegation that Szeklinski was deprived of "the equal protection of the laws, or of equal privileges and immunities under the laws." *Griffin*, 403 U.S. at 102. The Court, based on its examination of the complaint, cannot identify a violation of Szeklinski's constitutional rights. Nor has he alleged any racial or other class-

10

based, invidiously discriminatory animus. *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982). Thus, Szeklinski's claims under Section 1985 will be dismissed.[3]

D.   42 U.S.C. § 1986

42 U.S.C. § 1986 allows claims against any person who fails to prevent a violation of civil rights. Section 1986 claims are derivative of Section 1985 claims. *Rodgers v. Lincoln Towing Service, Inc.*, 771 F.2d 194, 203 (7th Cir. 1985). Insofar as Szeklinski failed to state a claim under Section 1985, his Section 1986 claim must fail also. *Id.*; *Williams v. St. Joseph Hosp.*, 629 F.2d 448, 452 (7th Cir. 1980).

E.   State Law Claims

Because all of Szeklinski's federal claims will be dismissed and diversity jurisdiction is not present, the Court declines to exercise supplemental jurisdiction over Szeklinski's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *CropLife Am., Inc. v. City of Madison*, 432 F.3d 732, 733-34 (7th Cir. 2005).

---

[3] Many courts, in unpublished opinions, have stated that a complaint must contain an allegation of racial animus to state a claim under Section 1985. Most of these cases cite to *Griffin*, in which the Supreme Court reviewed the grant of a motion to dismiss based on a party's failure to state a claim pursuant Section 1985. The Court noted that the allegations of the complaint supported "the requisite animus to deprive the petitioners of the equal enjoyment of legal rights because of their race." *Griffin*, 403 U.S. 104. In a similar vein, the Seventh Circuit, in *Jaffre*, reviewed a district court's dismissal of an action pursuant to Rule 12(b)(6) and stated that "[t]o sufficiently state a cause of action [under Section 1985] the plaintiff must allege some facts that demonstrate that his race was the reason for the defendant's inaction." *Jaffre*, 689 F.2d at 643.

The Court is mindful of the distinction between what a litigant must plead and what he must show to ultimately prevail on a Section 1985 claim. The Seventh Circuit recently reiterated the relatively minimal requirements of notice pleading. *See Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005). This Court also understands that the Seventh Circuit previously dispensed with the notion that Section 1983 conspiracy claims are subject to a heightened pleading standard. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). It is possible that *Jaffre* is no longer controlling law. In other words, while a showing of racial animus may be necessary to succeed on a Section 1985 claim, this Court is not certain that it is a *sina qua non* for *pleading* a Section 1985 cause of action. Even if *Jaffre* is no longer controlling, Szeklinski's complaint clearly fails under *Griffin*'s requirement that a plaintiff allege that the actions against him were taken "for the purpose of depriving . . . [him] of the equal protection of the laws, or of equal privileges and immunities under the laws." *Griffin*, 403 U.S. at 102.

11

III.    Szeklinski's Motion to Dismiss

Finally, the Court addresses a filing submitted by Szeklinski on May 16, 2005, entitled "Motion to Dismiss." In that submission, Szeklinski asks the Court to dismiss the Defendants' pending motion against him because they failed to comply with this Court's local rules regarding motion practice and *pro se* litigants.

Civil Local Rule 12.1 states that parties bringing Rule 12(b)(6) or 12(c) motions against a *pro se* litigant must comply with the procedures set forth in Civil Local Rule 56.1(a). Local Rule 56.1(a) requires parties to provide *pro se* adversaries with information related to summary judgment motions.

Szeklinski is correct that the Defendants have failed to comply with these rules. While the Court's Local Rules cannot be disregarded with impunity, the Defendants will receive only an admonishment for their transgression. The Court doubts any prejudice accrued to Szeklinski as a result of the Defendants' non-compliance. Szeklinski is no novice to federal practice; he has filed various federal actions in this district previously. The purpose of Local Rules 12.1 and 56.1 is to provide *pro se* litigants with critical information–of which they are likely unaware– in order to respond to potentially dispositive actions. To penalize the Defendants for their non-compliance, given Szeklinski's experience with litigation, would be to elevate form over substance.

12

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Szeklinski's Motion to Compel (Docket No. 16) is **DENIED**.

The Defendants' Motion for Failure to State a Claim upon which Relief can be Granted and/or for Judgment on the Pleadings (Docket No. 26) is **GRANTED**.

Szeklinski's Motion to Dismiss (Docket No. 35) is **DENIED**.

This action is **DISMISSED** with prejudice. The Clerk of Court of directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of February, 2006.

                BY THE COURT

                s/ Rudolph T. Randa
                **Hon. Rudolph T. Randa**
                **Chief Judge**